# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 22, 2019

```
* * * * * * * * * * * * *
CAYLEE HARRINGTON,           *
                             *
        Petitioner,          *     No. 14-43V
                             *     Special Master Oler
v.                           *
                             *     Attorneys' Fees and Costs
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
        Respondent.          *
* * * * * * * * * * * * *
```

*Glynn W. Gilcrease, Jr.*, Law Office of Glynn W. Gilcrease, Jr., PC, Tempe, AZ, for Petitioner.
*Darryl R. Wishard*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 17, 2014, Caylee Harrington ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffers from multiple sclerosis ("MS") as a result of receiving a second Human Papillomavirus ("HPV") vaccination on January 19, 2011. *See* Petition, ECF No. 1. On August 14, 2018, the undersigned issued her Decision denying compensation.

On January 4, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 86 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $57,347.13, representing $41,383.75 in attorneys' fees and $15,963.38 in attorneys' costs.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Affidavit in Support of Application for Fees and Costs ("Affidavit") Ex. 2 at 6, ECF No. 87. Respondent responded to the motion on February 1, 2019, requesting "that the Special Master exercise discretion, determine whether the statutory requirements for an award of attorneys' fees and costs (including the reasonable basis requirement) are met in this case, and, if so, then determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 3, ECF No. 88. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.   Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioner requests that her attorney, Mr. Glynn Gilcrease, Jr., receive compensation for his work at $400.00 per hour, irrespective of year. Affidavit at 2. Petitioner also requests compensation for Mr. Gilcrease's paralegals at $125.00 per hour for all work performed. *Id.* These rates have previously been found reasonable for the work of Mr. Gilcrease and his staff. *See Ahler v. Sec'y of Health & Human Servs.*, No. 16-1147V, 2018 WL 2224896, at *2 (Fed. Cl. Spec. Mstr. Apr. 9, 2018). The undersigned therefore finds the requested rates reasonable.

   b.   **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed (121.3) to be slightly excessive. First, paralegals who worked on this case billed excessive time for relatively mundane tasks, such as 0.3 hours to file documents or review short court orders to calendar deadlines (entries on 9/25/15, 9/28/15, 7/13/16, 4/2/17, 1/16/18, etc.). Other special masters who have reviewed Mr. Gilcrease's billing records have also noted this is an excessive amount of time for such tasks. *Ahler*, 2018 WL 2224896, at *2. Second, it appears as though Mr. Gilcrease and his staff billed a minimum of 0.3 hours for all communication in this case. In the undersigned's experience, it is unlikely that all phone calls and e-mails took a minimum of 18 minutes to complete and this practice has likely resulted in overbilling.

For these reasons, the undersigned finds it appropriate to reduce the final award of fees by five percent, resulting in a reduction of **$2,069.18**.[3] Petitioner is therefore awarded final attorneys' fees of **$39,314.57**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,963.38 in attorneys' costs. Most of this amount ($14,250.00) is for the work of Petitioner's expert, Dr. Lawrence Steinman, with the remainder consisting of acquiring medical records and postage. The undersigned has reviewed Dr. Steinman's invoice and finds his requested rate ($500.00 per hour) and time spent on this matter reasonable in light of the work performed. Petitioner has also provided adequate documentation supporting the remainder of the costs. Petitioner is therefore entitled to the full amount of costs sought.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $41,383.75 |
| (Reduction to Fees) | - ($2,069.18) |
| **Total Attorneys' Fees Awarded** | **$39,314.57** |
| | |

---

[3] $41,383.75 * 0.05 = $2,069.18.

| | |
|---|---|
| Attorneys' Costs Requested | $15,963.38 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,963.38** |
| | |
| **Total Amount Awarded** | **$55,277.95** |

**Accordingly, the undersigned awards a lump sum in the amount of $55,277.95, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Glynn Gilcrease, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).